IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND CASARES, | ) | No. C 12-2514 JSW (PR) |
| Plaintiff, | ) | **ORDER INSTRUCTING** |
| | ) | **CLERK TO ISSUE SUMMONS** |
| v. | ) | **AND SEND TO PLAINTIFF** |
| | ) | **FOR SERVICE; DIRECTING** |
| M.C. SAYRE, et al., | ) | **PLAINTIFF TO SERVE** |
| | ) | **DEFENDANTS; SCHEDULING** |
| Defendants. | ) | **DISPOSITIVE MOTIONS** |
| _____ | ) | |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, has filed this civil rights complaint under 42 U.S.C. § 1983 against prison officials complaining that they have not properly cared for his medical condition.  He has paid the filing fee and has filed a request that the Clerk issue summons forms to allow him to serve the complain upon Defendants.

This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and finds that, when liberally construed, it states cognizable claims for relief.  The Clerk is instructed to provide Plaintiff with the necessary summons forms to allow him to serve the Defendants.

**DISCUSSION**

I.     Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners

seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.     Legal Claims

Plaintiff alleges that he has a painful lipoma on his head and that Defendants have caused it not to be surgically removed.  When liberally construed, his allegations are sufficient to state a cognizable claim that Defendants were deliberately indifferent to his

serious medical needs in violation of the Eighth Amendment.  Plaintiff has not alleged sufficient facts to state plausible retaliation or equal protection claims, however.

Having paid the filing fee, Plaintiff is responsible for service of process.  Rule 4(m) requires service within 120 days from the date the complaint is filed, in this case May 16, 2012.  Plaintiff's deadline for serving Defendants has been extended to November 15, 2012.  He has filed a request that the Clerk provide him with the summons forms necessary for him to serve the Defendants.  Good cause appearing, that request is GRANTED.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  The Clerk of the Court shall issue summons for service of the following defendants and shall send the summons forms to Plaintiff: **Director Mathew Cate** and **L. Zamora** at the **California Department of Corrections and Rehabilitation ("CDCR"); Warden G.D. Lewis, Dr. Michael C. Sayre, Dr. Thomas Martinelli, M. McLean, Nurse Alpaugh,** and **Nurse Kay Vail** at **Pelican Bay State Prison**.

The Clerk shall also mail a courtesy copy of the complaint with all attachments thereto, and this order to the California Attorney General's Office.

2.  Plaintiff shall complete on or before **November 15, 2012**.  Failure to do so will result in the dismissal of this case without prejudice under Rule 4(m).

3. Defendants shall file an answer to the complaint on or before **December 15, 2012**.

4.  In order to expedite the resolution of this case, the Court orders as follows:

a.  No later than **February 15, 2013**, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor**

1  **qualified immunity found, if material facts are in dispute.  If defendants are of the**

2  **opinion that this case cannot be resolved by summary judgment, they shall so**

3  **inform the Court prior to the date the summary judgment motion is due**.

4  All papers filed with the Court shall be promptly served on the Plaintiff.

5  b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with

6  the court and served upon defendants no later than **twenty-eight days** from the date of

7  service of the motion.  Plaintiff must read the attached page headed "NOTICE --

8  WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-

9  954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir.

10  1988).

11  If defendants file an unenumerated motion to dismiss claiming that plaintiff failed

12  to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

13  plaintiff should take note of the attached page headed "NOTICE -- WARNING

14  (EXHAUSTION)."  *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)

15  c.  Defendants shall file a reply brief no later than **fourteen (14) days** after

16  Plaintiff's opposition is filed.

17  d.  The motion shall be deemed submitted as of the date the reply brief is

18  due.  No hearing will be held on the motion unless the Court so orders at a later date.

19  4.  Discovery may be taken in accordance with the Federal Rules of Civil

20  Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or

21  Local Rule 16 is required before the parties may conduct discovery.

22  5.  Extensions of time are not favored, though reasonable extensions will be

23  granted.  Any motion for an extension of time must be filed no later than **five** days prior

24  to the deadline sought to be extended.

25  6.  All communications by Plaintiff with the Court must be served on Defendant,

26  or Defendant's counsel once counsel has been designated, by mailing a true copy of the

27  document to Defendant or Defendant's counsel.

28  7.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  October 11, 2012

JEFFREY S. WHITE
United States District Judge

### NOTICE -- WARNING (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

### NOTICE -- WARNING  (EXHAUSTION)

If defendants file a motion to dismiss for failure to exhaust administrative remedies, they are seeking to have your case dismissed.  If the motion is granted it will end your case and there will be no trial.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings.  You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.  In considering a motion to dismiss for failure to exhaust administrative remedies, the court can decided disputed factual matters with regard to the exhaustion question.  Because the court can resolve factual disputes, unlike a summary judgment opposition, it is not enough to merely show a genuine issue of material fact in opposition to the motion to dismiss.

1

UNITED STATES DISTRICT COURT

2

FOR THE

3

NORTHERN DISTRICT OF CALIFORNIA

4

5

6
RAYMOND CASARES,

Case Number: CV12-02514 JSW

7
Plaintiff,

**CERTIFICATE OF SERVICE**

8
v.

M.C. SAYRE et al,

9

10
Defendant.
_____/

11

12
I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13

14
That on October 11, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

15

16

17
Raymond Casares
D09770
18
P.O. Box 7500
Crescent City, CA 95532

19
Dated: October 11, 2012

20
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

21

22

23

24

25

26

27

28